IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                 Case Nos.:  3:17cr42/MCR/EMT
                                                       3:19cv10/MCR/EMT

WILLIAM CHARLES HUFF, JR.

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's counseled "Motion to Voluntarily Dismiss Pending Motion Under 28 U.S.C. § 2255" and memorandum in support thereof (ECF No. 84). Defendant has signed a separate portion of the motion indicating his consent to voluntary dismissal in which he states that "having been counseled on the potential outcomes of the pending motion under 28 U.S.C. § 2255, [I] seek to voluntarily withdraw the motion" (ECF No. 84 at 1). Defendant also states that he requests that the dismissal be without prejudice, although he does "not make this motion contingent upon" a dismissal without prejudice (*id.*).

In the accompanying memorandum, counsel notes that he was retained very close to the filing deadline for Huff's § 2255 motion, that Huff's challenge to the mandatory minimum is not well-supported by subsequent research and case law, and that the First Step Act of 2018 does not help Huff's position (ECF No. 84 at 2). As

a result, his client sees no benefit in the restoration of his appellate rights and requests that his motion be dismissed.

Good cause having been shown, Defendant's request should be granted, and his § 2255 motion should be dismissed without prejudice.[1]

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Defendant's "Motion to Voluntarily Dismiss Pending Motion Under 28 U.S.C. § 2255" (ECF No. 84) be **GRANTED**.

2. Defendant's Motion to Vacate, Set Aside or Correct Sentence Under § 2255 (ECF No. 72) be **DISMISSED without prejudice**.

At Pensacola, Florida, this 21st day of May 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] Dismissal without prejudice means only that a subsequently filed § 2255 motion would not be deemed "second or successive." It does not provide a means to circumvent any applicable statute of limitations.

Case Nos.: 3:17cr42/MCR/EMT; 3:19cv10/MCR/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 3:17cr42/MCR/EMT; 3:19cv10/MCR/EMT